## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA
## THIRD DIVISION

------------------------------------------------------------------

| | |
|---|---|
| In Re: | Bankruptcy 09-30036 |
| | Chapter 7 Case |
| Maurice William Johnson and | |
| Maureen Kathryn Johnson, | Adversary |
| Debtors, | |
| Michael J. Iannacone, Trustee, | |
| Plaintiff, | **COMPLAINT** |
| vs. | |
| Tollefson Development, Inc., | |
| Defendant. | |

------------------------------------------------------------------

Now comes forth Michael J. Iannacone for his Complaint states and alleges:

1. Plaintiff is the duly appointed, qualified and acting Trustee of the estate of the above named debtor.

2. That on January 5, 2009 (the "Debtors") filed a petition under Chapter 7 of Title 11 of the United States Code and the case is now pending in this court.

3. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. §§ 541, 547, 550 and 551.  This is a core proceeding.

4. Defendant Tollefson Development, Inc. is doing business at 20520 Keokuk Ave. #200, Lakeville, MN  55044 and may be served at such address.

5. That on or about November 10, 2008, Defendant docketed a Judgment in the amount of $2,081,230.44 (hereinafter alternatively referred to as either the "Judgment" or "Transfer") in the office of the District Court Administrator for Dakota County.

6. That the Transfer created a judgment lien on certain real property owned by the Debtors located in Dakota County, Minnesota and legally as described on the Exhibit A attached hereto and incorporated herein.

7. That the transfer referenced in paragraph 5 was:

   a. To and for the benefit of Defendant, which was a creditor of the debtors;

   b. For and on account of an antecedent debt owed by the debtors before said transfer was made;

   c. Made while the debtors was insolvent;

   d. Made within ninety (90) days prior to the date of the filing of the petition of the debtors under Title 11 in this case;

   e. And enabled Defendant to receive more than Defendant would have received if the transfer or payment had not been made and Defendant received payment on such debt to the extent provided by Title 11.

8. That pursuant to 11 U.S.C. § 547 the trustee may avoid the transfer set forth in paragraph 5 above. That pursuant to 11 U.S.C. § 551, any transfer avoided by the trustee pursuant to 11 U.S.C. § 547 is preserved for the benefit of the debtors' estate. That the claim set forth herein constitutes property of the debtors' bankruptcy estate pursuant to 11 U.S.C. § 541.

9. That 11 U.S.C. § 550 provides that in the event the transfer is avoided by the trustee pursuant to 11 U.S.C. § 547, the trustee may recover for the benefit of the bankruptcy estate the property transferred or, if the Court so orders, the value of such property from the initial transferee. Defendant is the initial transferee.

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

a. Avoiding the judgment lien docketed in Dakota County on November 10, 2008 and preserving the lien for the benefit of the Debtors' bankruptcy estate or, in the alternative, awarding the Plaintiff judgment in an amount to be determined by the Court equal to the value of the real estate subject to the judgment lien, plus pre-judgment interests and Plaintiff's costs and disbursements herein; and

b. For such other and further relief as the Court deems just and equitable in the premises.

Dated: January 5, 2011

      __/e/ Michael J. Iannacone___
      Michael J. Iannacone, #48719
      Attorney for the Trustee
      8687 Eagle Point Blvd.
      Lake Elmo, MN  55042
      (651) 224-3361
      (651) 297-6187 Fax

EXHIBIT "A"

Legal Description

The Southwest Quarter (SW1/4) of the Southeast Quarter (SE1/4) of Section Thirty-six (36), Township One Hundred Fourteen (114), Range Nineteen (19), EXCEPTING therefrom the South 300 feet thereof, Dakota County, Minnesota.